

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 25, 1948

Hon. Weldon B. Davis
County Attorney
Austin County
Bellville, Texas

Opinion No. V-617

Re: Legality of defraying
the expenses of em-
ploying a county nurse
from the jury fund.

Dear Sir:

Your request for our opinion on the above sub-
ject matter is, in part, as follows:

"The Commissioners Court of Austin
County, Texas, has been requested by
some of the county citizens to employ a
graudate registered nurse to visit pub-
lic schools in the county and to investi-
gate health conditions and sanitary sur-
roundings of such schools, etc., all as
provided under Article 4528a, R. C. S. of
Texas. Section 3 of the same article pro-
vides that the Commissioners Court shall
be empowered to appropriate from funds of
the respective counties, the necessary
money to cover the salary of such nurse,
not to exceed $1800.00 a year for any one
nurse, and in addition thereto, the Com-
missioners Court may appropriate addition-
al funds to cover the expenses of such
nurse incurred in the visiting of schools,
etc.

"You will notice that Section 3
above mentioned of Article 4528a, pro-
vides 'from any funds of the respective
counties'. Article 8, Section 9, of our
State Constitution provides, among other
provisions of such section, that a coun-
ty, city or town may levy a tax of not
to exceed fifteen cents on the $100.00
valuation to pay jurors.

"Question: Since Section 3, Arti-

cle 4528a above referred to, uses the
words 'from any funds of the respective
counties', could the Commissioners Court
legally levy a two per cent jury tax to
defray the expenses necessary for the
employment of a county nurse?"

Article 4528a, V. C. S. provides:

"Sec. 1.   That the Commissioners
Court of the various Counties in the
State of Texas shall have the authority,
when in their judgment it shall be deem-
ed to be necessary or advisable, to em-
ploy one or more Graduate Registered
nurses whose duty it shall be to visit
the public schools in the county in which
they are employed, and to investigate the
health conditions and sanitary surround-
ings of such schools, and the personal,
physical and health condition of pupils
therein, and to co-operate with the duly
organized Board of Health and local
health authorities in general public
health nursing and perform such other
and further duties as may be required
of them by the Commissioners Court.

"Sec. 2.   That said nurses when so
appointed shall be employed on a month-
ly salary to be fixed by the Commission-
ers Court and shall at all times be sub-
ject to removal by the Commissioners
Court without prior notice.

"Sec. 3.   The Commissioners Court
shall be empowered to appropriate from
any funds of the respective Counties
the necessary money to cover the salary
of such nurses, not to exceed the sum of
$1,800.00 to each nurse, and in addition
thereto may appropriate additional funds
to cover all expenses that may be proper
and necessary in the visiting of such
schools, and General Public Health Nurs-
ing including transportation and other
incidental expenses."

Article VIII, section 9 of the Texas Constitu-

tion provides the maximum rate of taxes for county pur-
poses, for roads and bridges, for permanent improve-
ments and for juries. The courts have repeatedly held
that the Commissioners' Court cannot transfer these con-
stitutional funds and it cannot spend tax money for one
purpose raised ostensibly for another purpose. See
Ault v. Hill County, 116 S.W. 359, and Carroll v. Wil-
liams, 202 S.W. 504.

We quote the following from Attorney Gener-
al's Opinion No. V-332:

"Article VIII, Section 9, authorizes
the levy of a tax 'not exceeding fifteen
(15) cents to pay jurors.' In construing
Article VIII, Section 9, the courts have
uniformly held that the provisions of this
Section of the Constitution 'were designed,
not merely to limit the tax rate for cer-
tain therein designated purposes, but to
require that any and all money raised by
taxation for any such purpose shall be
applied, faithfully, to that particular
purpose, as needed therefor, and not to
any other purpose or use whatsoever.'
Carroll v. Williams, 202 S.W. 504, 506.
See also Ault v. Hill County, 102 Tex.
335, 116 S.W. 359.

"The Jury Fund of the county is a
constitutional fund composed of tax money
levied for the sole purpose of paying jurors.
The Legislature is therefore prohibited by
Article VIII, Section 9, from authorizing
such tax levy to be used for any other pur-
pose than 'to pay jurors.' Therefore, it
is our opinion that the portion of Section
3 of H. B. 683, Acts of the 50th Legisla-
ture, authorizing the Commissioners Court
to pay the salaries of the investigators
or assistants and stenographers out of the
Jury Fund is unconstitutional and void."

Since the jury fund of the county is composed
of tax money levied for the sole purpose of paying jur-
ors, and in view of the foregoing authorities, it is
our opinion that no portion of the jury fund can be
used to defray the expenses necessary for the employ-
ment of a registered nurse to visit public schools in

the county.

## SUMMARY

No portion of the jury fund may be
expended for the purpose of employing a
registered nurse to visit public schools
in the county.  Article VIII, Section 9,
of the Texas Constitution.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

JR:erc:mw

By *John Reeves*
John Reeves
Assistant

APPROVED:

*Fagan Dickson*
FIRST ASSISTANT
ATTORNEY GENERAL